# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN E. WALTERS,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>D.K. SISTO, Warden,<br><br>　　　　　　　　　　Respondent. | Civil No.   07-2236 JLS (LSP)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION** |

On November 26, 2007, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis and a motion for appointment of counsel. In his petition, Petitioner claimed: (1) his state and federal guilty pleas were obtained in violation of the United States Constitution and the state of California was violating the terms of his plea agreement; (2) California's indeterminate sentencing law is unconstitutional; (3) California has increased his punishment in violation of the Ex Post Facto Clause of the United States Constitution; and (4) California's parole system violates clearly established Supreme Court law.  (*See* Pet. at 4-25.) On November 30, 2007, this Court dismissed the petition without prejudice because, with the exception of Petitioner's allegation that his federal guilty plea was obtained in violation of the federal Constitution, all of Petitioner's allegations attack the validity of his state conviction or sentence.  And, to the extent he is attacking his federal guilty plea, he nevertheless contends that it is California, not the federal government, that is violating the terms of his plea agreement.

1  (*Id.*) Accordingly, the Court told Petitioner that if he wished to pursue these claims, he must file
2  a petition pursuant to 28 U.S.C. § 2254.  (*See* Order filed Nov. 30, 2007 [doc. no. 4].)

3  On December 19, 2007, Petitioner filed a Motion for Reconsideration of the Court's
4  November 30, 2007 Order.  (*See* doc. no. 6.)  A motion for reconsideration is appropriate "if the
5  district court (1) is presented with newly discovered evidence, (2) committed clear error or the
6  initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."
7  *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993) (citing *All Hawaii*
8  *Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D.Hawaii 1987), *rev'd on*
9  *other grounds* , 855 F.2d 860 (9th Cir.1988)).  Petitioner has not satisfied his burden.  As this
10 Court explained to Petitioner in its November 30, 2007 Order, his claims must be brought via
11 a petition filed pursuant to 28 U.S.C. § 2254 which is the sole vehicle for state prisoners who are
12 "in custody pursuant to a state court judgment." *See White v. Lambert*, 370 F.3d 1002, 1006-07
13 (9th Cir. 2004).  Petitioner's motion does not contain any newly discovered evidence which
14 alters this conclusion, there has not been an intervening change of controlling law, nor has the
15 Court committed clear error or rendered a decision which is manifestly unjust.

## CONCLUSION

17 For the foregoing reasons, the Court **DENIES** Petitioner's motion for reconsideration.
18 If Petitioner wishes to pursue his claims, he must do so via a petition filed pursuant to 28 U.S.C.
19 § 2254.  **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK**
20 **PETITION FORM PURSUANT TO 28 U.S.C. § 2254.**

21 **IT IS SO ORDERED.**

23 **DATED:  January 2, 2008**

*Janis L. Sammartino*
**Honorable Janis L. Sammartino**
**United States District Judge**